UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| TRAVIS L. HARTMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-CV-3132 |
| | ) | |
| CRAIG FOSTER and | ) | |
| KURT SIMON, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, currently incarcerated in Logan Correctional Center,

pursues a constitutional claim arising from the denial of his psychotropic

medicines while in Montgomery County Jail.  Defendant Foster has been

served and has filed his Answer.  Defendant Kurt Simon has not returned

a signed waiver of service.  According to Plaintiff, Simon is a former

employee of the Montgomery County Health Department who is now

working at Heartland Human Services in Effingham, Illinois.  On August

25, 2011, the clerk sent a waiver of service form to Simon at Heartland

1

Human Services but received no response.

The Court will attempt to send the waiver of service to Defendant Simon once more. If Simon does not return a signed waiver of service, the Court will direct personal service on Simon by the U.S. Marshals at Simon's expense, pursuant to Federal Rule of Civil Procedure 4(d)(2). That rule requires the court to impose service costs on any defendant who fails to returned a signed waiver of service. In the meantime, the Court will set scheduling deadlines in order to keep the case moving.

IT IS THEREFORE ORDERED:

1.    The status conference set for October 17, 2011, is cancelled. The clerk is directed to notify Plaintiff's place of incarceration of the cancellation.

2.    The clerk is directed to send, by certified mail, two copies of the waiver of service form to Defendant Simon at the address provided by Plaintiff, along with a copy of the complaint, a prepaid envelope for returning the form, and a copy of this order. **If Simon fails to sign and return the waiver, the U.S. Marshals will personally serve**

Simon at Simon's expense, pursuant to Fed. R. Civ. P. 4(m).

3.      Within 45 days of the entry of this order, the parties shall provide

to each other the initial disclosures described in Fed. R. Civ. P.

26(a)(1)(i)-(ii).

4.      Plaintiff shall disclose expert witnesses and expert testimony

pursuant to the requirements of Fed. R. Civ. P. 26(a)(2) by December

30, 2011.

5.      Defendants shall disclose expert witnesses and expert testimony

pursuant to the requirements of Fed. R. Civ. P. 26(a)(2) by January 31,

2012.

6.      Discovery closes April 30, 2012.

7.      Dispositive motions are due May 31, 2012.

8.      Plaintiff's incarceration limits him to written discovery.  Written

discovery must be served on a party at least 30 days before the discovery

deadline.  Discovery requests and responses are not filed with the court,

unless there is a dispute regarding such discovery.  See CDIL-LR 26.3.

Motions to compel discovery must be accompanied by the relevant

portions of the discovery request and the response.  Additionally, except

for good cause shown, motions to compel must be filed within 14 days of

receiving an unsatisfactory response to a timely discovery request.

7) A final pretrial conference is scheduled for January 14, 2013, at

1:30 p.m., by telephone conference.  The parties are directed to submit

the proposed final pretrial order by January 7, 2013.

8) Jury selection and the jury trial are scheduled for February 5,

2013, at 9:00 a.m. before this Court in Springfield, Illinois.

ENTERED:      October 14, 2011

FOR THE COURT:

<u>    s/Sue E. Myerscough    </u>
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE