IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

TRAVIS HARTMAN,            )
                           )
  Plaintiff,               )
                           )
  v.                       )     11-CV-3132
                           )
CRAIG FOSTER and           )
KURT SIMON,                )
                           )
  Defendant,               )

OPINION

SUE E. MYERSCOUGH, U.S. District Judge.

Plaintiff, proceeding pro se, is currently detained in the Jacksonville Correctional Center. He asserts that, during his detention in the Montgomery County Jail from January 30, 2010, to March 16, 2010, Defendants refused to provide him with anxiety medicine which had been prescribed to Plaintiff before his arrest. In particular, Plaintiff had been prescribed 10 milligrams of Lexapro daily and .5 milligrams of Ativan twice daily by Plaintiff's doctor before Plaintiff was arrested.

The Court denied Defendants' original summary judgment motions, concluding that the record failed to answer material

questions. (2/14/13 Opinion.) Defendants have filed second motions for summary judgments which now answer those questions.

The record now compels the conclusion that Captain Foster, who was the Jail's Administrator, had no power over whether and what kind of medication Plaintiff was prescribed. (Foster Aff. ¶ 38.) Dr. Rayford was the one with that power. (Foster Aff. ¶ 39.) Dr. Rayford exercised his professional discretion several times throughout Plaintiff's stay at the Jail, concluding each time that Plaintiff did not need Ativan or Lexapro. (Dr. Rayford Aff. ¶¶ 25, 27, 35.) Instead, Plaintiff was offered Vistaril, which, according to Dr. Rayford, is a medically acceptable approach to treating anxiety. (Dr. Rayford Aff. ¶ 13.) There is no evidence that Dr. Rayford's determination was a "substantial departure from accepted professional judgment," which Plaintiff would need to show in order to prove deliberate indifference. Sain v. Wood, 512 F.3d 886, 894-95 (7th Cir. 2009).

At most, Plaintiff has evidence of a difference of opinion between Plaintiff's doctor outside the Jail, who had prescribed Ativan and Lexapro before Plaintiff's incarceration, and Dr. Rayford,

who decided not to prescribe those medications. Different professional approaches to treating a condition is not evidence of deliberate indifference. <u>Norfleet v. Webster</u>, 439 F.3d 392, 396, 396 (7th Cir. 2006)("[A] difference of opinion among physicians on how an inmate should be treated cannot support a finding of deliberate indifference"). And, even if there was evidence that Dr. Rayford was deliberately indifferent, Dr. Rayford is not a Defendant. Captain Foster cannot be held liable for what Dr. Rayford did. <u>Ray v. Wexford Health Sources, Inc.</u>, 706 F.3d 864, 866 (7th Cir. 2013)(no vicarious liability under 42 U.S.C. § 1983). Captain Foster was entitled to rely on Dr. Rayford's professional judgment. <u>Berry v. Peterman</u>, 604 F.3d 435, 440 (7th Cir. 2010)("[T]he law encourages non-medical security and administrative personnel at jails and prisons to defer to the professional medical judgments of the physicians and nurses treating the prisoners in their care without fear of liability for doing so.").

Defendant Kurt Simon, a mental health professional but not a psychiatrist, did have the authority to recommend in favor of or against the prescription of psychiatric medicines, though he could not write the prescription himself. (Simon Aff. ¶ 7.) Simon only

saw Plaintiff once and did not have Plaintiff's medical files for reference before or during that visit. According to Simon, Plaintiff did not mention needing Ativan or Lexapro during their meeting, but Plaintiff did ask for Xanax and Valium. However, the Court must credit Plaintiff's averment that Plaintiff did tell Simon about Plaintiff's prescriptions for Ativan and Lexapro at their meeting. Construing inferences in Plaintiff's favor, a juror could find that Simon recommended that Plaintiff's requests be denied. (Simon Aff. ¶ 17, Ex. A.)

However, Plaintiff does not have evidence that Simon's refusal to recommend Ativan and Lexapro for Plaintiff was deliberately indifferent. No reasonable inference can be drawn based on Simon's limited interaction with Plaintiff that Simon knew Plaintiff had a serious, untreated psychiatric problem. In any event, Simon had no authority to actually prescribe the medicine, nor was Simon's recommendation required before Dr. Rayford could prescribe psychiatric medicine. (Simon Aff. ¶ 7; Rayford Aff. ¶ 14.) That authority and responsibility fell squarely on Dr. Rayford's shoulders. Id. Simon cannot be held liable for Dr. Rayford's professional treatment decisions. Finally, even if Simon bore some

personal responsibility for Dr. Rayford's decision, no evidence suggests that the Dr. Rayford's decision to offer Vistaril, rather than Ativan or Lexapro, amounted to deliberate indifference.  Summary judgment must therefore be entered for Defendants.

**IT IS ORDERED**:

1. Defendants' motions for summary judgment are granted (d/e's 57, 58).

2. Plaintiff's motion for summary judgment is denied (d/e 56).

3. The clerk of the court is directed to enter judgment in favor of Defendants and against Plaintiff.  All pending motions are denied as moot, and this case is terminated, with the parties to bear their own costs.  All deadlines and settings on the Court's calendar are vacated.

4. If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a)(4).  A motion for leave to appeal in forma pauperis should identify the issues Plaintiff will present on appeal.  See Fed. R. App. P. 24(a)(1)(c).  If Plaintiff does choose to

appeal, he will be liable for the $455.00 appellate filing fee regardless of the outcome of the appeal.

ENTER: January 14, 2014

FOR THE COURT:

                                       **s/Sue E. Myerscough**
                                       SUE E. MYERSCOUGH
                                       UNITED STATES DISTRICT JUDGE